FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EVALYN LEWIS, | No. 2:25-CV-00087-SAB |
| Plaintiff, | |
| v. | |
| PAUL LAURENCE LAW PLLC, and | **ORDER DENYING** |
| PAUL CALABRO, | **DEFENDANTS' SECOND** |
| Defendants. | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |

Before the Court is Defendants' Second Motion for Summary Judgment, ECF No. 30. Plaintiff is represented by Gregory W. Albert. Defendants are represented by Jeffrey T. Kestle. The Motion was considered without oral argument.

Paul Calabro is the owner of Paul Lawrence Law, PLLC (jointly referred to as "Defendant"). Plaintiff hired Defendant in connection with the potential recovery of assets from Plaintiff's late brother's estate and/or trust. Fourteen months after the representation ended, under the impression that Defendant would seek to put a lien on her inheritance, Plaintiff sequestered her distribution. On October 31, 2023, she filed a petition in Washington State Superior Court for Spokane County to resolve Defendant's fees through a Wash. Rev. Code § 60.40.030 summary proceeding. Defendant responded with counterclaims and

**ORDER DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT \* 1**

argued for litigation rather than a summary proceeding. The Washington State Court ultimately determined Defendant was not entitled to a contingency fee related to Plaintiff's trust distribution and reduced his fee to quantum meruit. The claim for quantum meruit was eventually dismissed as Defendant failed to provide any documentation from which billable hours could be discerned.

Plaintiff then filed this lawsuit asserting the following claims: (1 & 2) legal malpractice and breach of fiduciary duties claims related to Defendant's conduct after August 12, 2022, when the attorney-client relationship allegedly ended, (3) malicious prosecution, (4) abuse of process, (5) elder abuse, and (6) outrage.

On December 16, 2025, in ruling on Defendant's Motion for Partial Summary Judgment, the Court dismissed Plaintiff's elder abuse claim as the statute relied upon for the claim did not apply to Defendant. Plaintiff agreed to dismiss her malicious prosecution claim. Plaintiff's legal malpractice and breach of fiduciary duties, abuse of process, and outrage claims remain.

Defendant now asserts the remaining claims should be dismissed as they are barred by the doctrine of res judicata: Plaintiff could have and should have brought these claims in the underlying fee litigation, and her failure to do so then precludes her from bringing these claims in federal court.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

**ORDER DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT * 2**

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Federal courts must give state court proceedings "the same full faith and credit… as they have by law or usage in the courts of such State… from which they are taken." 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80 (1984). To determine whether a state court decision precludes a party from litigating a claim or issue in federal court, the federal court must apply the res judicata rules of the state court in which the prior judgment was rendered. *Migra*, 465 U.S. at 81.

In Washington, res judicata or claim preclusion prohibits parties from relitigating claims or issues that were or could have been litigated in a prior action. *Pederson v. Potter*, 103 Wash. App. 62, 67 (2000). This doctrine applies not only to claims or issues which the court was required to form an opinion and pronounce a judgment on, but also to "every point which properly belonged to the subject of litigation" that the parties reasonably might have brought forward. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wash.2d 853, 865 (2010). It applies when there is (1) a final judgment on the merits, and (2) a common identity between that judgment and any later action as to the parties, quality of the persons, cause of action, and

**ORDER DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT * 3**

subject matter. *Pederson*, 103 Wash. App. at 892.

Washington courts typically consider the following factors when determining whether the identity of causes of action are sufficiently identical: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Ensley v. Pitcher*, 152 Wash. App. 891, 903 (2009). All four factors do not need to be met for res judicata to apply. *Id*.

Defendant asserts Plaintiff's remaining claims should be dismissed as the underlying fee litigation summary judgment Order was a final judgment on the merits, the parties are identical, the causes of action are sufficiently identical, the claims rest on the same set of operative facts, and Plaintiff accordingly could have and should have raised these claims during the underlying fee litigation. Plaintiff agrees that the fee litigation summary judgment order was a final judgment on the merits and the parties are identical, but disagrees over whether the causes of action are identical and whether the claims rest on the same set of operative facts.

As the underlying fee litigation was, at its core, a simple petition to resolve a potential dispute over attorneys' fees, the nature of the causes of actions between this case and the underlying fee litigation are not sufficiently similar to bar Plaintiff's remaining claims under the doctrine of res judicata. The Superior Court made no findings, conclusions, or judgments that would be impacted by this case nor did it consider any of the extracontractual behavior alleged in this matter. While the underlying fee litigation revolved around the same series of events as this matter, the simple existence of those similarities is not enough to warrant dismissal at this stage.

//

//

**ORDER DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT * 4**

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Second Motion for Summary Judgment, ECF No. 30, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 15th day of July 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT * 5**